IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:25-CR-21 |
| | ) | |
| WALTER CAPACCIO, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT RESPONSE TO POSITION OF DEFENDANT WITH RESPECT TO SENTENCING

The United States of America, represented by Lindsey Halligan, United States Attorney, and Matthew J. Heck, and Anthony Mozzi, Assistant United States Attorneys, offers this position paper regarding the sentencing factors stated in 18 U.S.C. §3553(a).  According to the PSR, the defendant's offense level is 24 and the advisory calculation under the United States Sentencing Guidelines (U.S.S.G., or "Guidelines) is 51 to 63 months of imprisonment, and up to a lifetime of supervised release.  The government has no objection to the presentence report.  In considering the 3553(a) factors the Government is requesting a downward variance based on the defendant's physical heath and advanced age of 36 months incarceration coupled with 10 years of supervised release.

The defendant possessed child sexual abuse material on a United States Naval Vessel (CSAM).  The defendant possessed CSAM as early as November 2020 and continued to possess when he was confronted by law enforcement in August of 2022.  However, the government must balance these aggravating factors in light of the defendant's advanced age, recent brain surgery, and 25 years of military service.  Therefore, based on the defendant's physical health and advanced age the Government is requesting a period of 36 months coupled with 10 years of

supervised release. This is sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. §3553(a).

## II. MOTION FOR ACCEPTANCE OF RESPONSIBILITY

Because of the defendant's timely plea, a motion to reduce the offense level an additional one point under U.S.S.G. § 3E1.1 is appropriate as has been done in this case. The government represents to the Court that this defendant has complied with *all* aspects of his plea agreement in all respects and fully to date.

## III. PROCEDURAL BACKGROUND

On February 26, 2025, an indictment was returned by a Grand Jury sitting in the Eastern District of Virginia charging the defendant with two counts of Possession of Images of Minor Engaging in Sexually Explicit Conduct. ECF No. 3. On April 23, 2025, the defendant, Walter Capaccio (hereinafter "the defendant"), was named in a one count-criminal information charging him with Possession of a Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(A) and (b)(2). PSR ¶ 1. On April 24, 2025, pursuant to a plea agreement, the defendant pled guilty to the criminal information before the Honorable Lawrence R. Leonard. PSR ¶ 2. On May 9, 2025, this court adopted Judge Leonard's findings and adjudged the defendant guilty on the offense. PSR ¶ 2.

## IV. FACTUAL BACKGROUND

On or about August 24, 2022, the defendant, an employee of defense contractor, possessed child sexual abuse material (CSAM) on board the USNS Effective while underway from Yokohama, Japan, to Okinawa Japan. PSR ¶ 10.4, 10.12. The defendant was interviewed by NCIS after being advised of his rights. PSR ¶ 10.10. During the interview the defendant

admitted to downloading pictures of naked female children.  *Id*.  After giving the Naval Criminal Investigative Service permission to search his Dell Inspiron laptop, the computer was forensically examined.  PSR ¶ 10.11-10.12.  NCIS discovered over 2,000 images of CSAM on the computer, searches such as "Little Girl Porn," and emails from the defendant's email account to himself on November 25, 2020, December 12, 2020, and January 8, 2021, that contained CSAM.  PSR ¶ 10.12, 10.14.

**V. SENTENCING COMMISSION's RECOMMENDATIONS**

In 2012, the Sentencing Commission published a report regarding the child pornography guidelines addressing many of the criticisms courts were having in applying the guidelines.  *See* www.ussc.gov/Legislative_and_Public_Affairs/Congressional_Testimony_and_Reports/Sex_Offense_Topics/201212_Federal_Child_Pornography_Offenses/index.cfm).  (hereinafter Sent. Rep.)  In this report, the Sentencing Commission stated that there are several factors courts should consider in fashioning an appropriate sentence.  These factors are:

1) the content of an offender's child pornography collection and the nature of an offender's collecting behavior (in terms of volume, the types of sexual conduct depicted in the images, the ages of the victims depicted, and the extent to which an offender has organized, maintained, and protected his collection over time, including through the use of sophisticated technology.)
2) the degree of an offender's engagement with other offenders – in particular, in an internet "community" devoted to child pornography and child sexual exploitation; and
3) whether an offender has a history of engaging in sexually abusive, exploitative, or predatory conduct in addition to his child pornography offense.

The Sentencing Report explains that even if only one of these aggravating factors is present, an enhanced punishment is warranted.  (Sent. Rep. p. 321.)  And if the defendant has aggravating factors in more than one category, then a more severe sentence is in order.  (Sent. Rep. p. 321.)

## VIII. FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote the goals of sentencing, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

### A. Seriousness of the Offense

The defendant received CSAM material as early as 2020. For the next two years the defendant continued to download and possess child pornography until his computer was seized in 2022. In their 2012 report the Sentencing Commission encouraged courts to take note of offender's collecting behavior. In this case the defendant's downloading of child pornography was not a one-time lapse in judgment, but a sustained effort to collect and possess child pornography for at least two years. Possessing these materials is a serious offense and warrants a significant sentence. A sentence of 36 months for the defendant is significant.

There is no evidence that he intentionally distributed child pornography or that he engaged in any other predatory behavior towards children. Nor was there any evidence that the defendant participated in the child pornography community, such as participating in group chats or message boards. These factors distinguish him from other more serious offenders.

4

      **B.**      **History and Characteristics of the Defendant**

      The defendant's history and characteristics support the government's recommendation for a variant sentence. The defendant is 71 years old. His physical health is poor. Unfortunately, the defendant recently underwent brain surgery while at Western Tidewater Regional Jail (WTRJ) and in 2018, he underwent a left hip replacement. PSR ¶ 54.

      The defendant also voluntarily received counseling regarding his interest in child pornography. While probation has been unable to verify the information, defense counsel has recently been able to verify that the defendant was a patient with the treatment provider. Notably, the defendant sought this counseling before he was charged by the government.

      Finally, the defendant served with the United States for 25 years. PSR ¶ 63. After that the defendant worked for a Department Defense for another 20 years. PSR ¶ 62. This service to our country combined with the fact that he no criminal history support a variant sentence in this case.

## V.  CONCLUSION

For the reasons stated above, the government asks the Court to impose a downward variance 36 months incarceration coupled with ten (10) years of supervised release.

Respectfully submitted,

Lindsey Halligan
UNITED STATES ATTORNEY

By:  _____/s/_____
Matthew J. Heck
Assistant United States Attorney
New York State Bar No. 5313341
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-3221
E-Mail Address – matthew.heck@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Kirsten Kmet
Office of the Federal Public Defender
500 East Main Street
Suite 500
Norfolk, Virginia 23510
(757) 457-0850

I further certify that on this 10th day of October 2025, I caused a true and correct copy of the foregoing Position of the United States with Respect to Sentencing Factors to be e-mailed to the following:

Latriston L. Cox
United States Probation Officer
600 Granby Street
Suite 200
Norfolk, Virginia 23510
(757) 222-7322

                                              **/s/**
Matthew J. Heck
Assistant United States Attorney
New York State Bar No. 5313341
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-3221
E-Mail Address – matthew.heck@usdoj.gov